No. A-CV-06-90
# Supreme Court of the Navajo Nation

**Dan Weston, Appellant,**
v.
**Lewis Tso, et al., Appellees.**
**Decided December 4, 1990**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Wilbert Tsosie, Esq., Shiprock, Navajo Nation (New Mexico), for the Appellant; and Daniel Deschinny Sr., Esq., Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by AUSTIN, Associate Justice.

This is an appeal from an order of the Shiprock District Court, dated April 20, 1990, dismissing a petition for judicial review of administrative decisions of the District 12 Grazing Committee and the Resources Committee of the Navajo Tribal Council. That order is reversed and the case is remanded because of an error of law regarding the proper remedy for the claims stated by the appellant.

I

FACTS

The facts of the appeal are those stated in the findings of fact of the district court. The Navajo Nation Land Development Office received monies for surface damage incurred in the process of gas and oil development, and it transferred those funds to the holders of grazing permits for the affected lands. When it appeared that adverse claimants disputed who should receive surface damage monies for the grazing permit area held by Sagnetso, a/k/a Sayene Tso, deceased, the Navajo Nation Land Development Office insisted that the District 12 Grazing Committee, which administers grazing permits, decide who the proper grazing permitters should be for distribution of the funds.

Accordingly, on February 21, 1989, the grazing committee considered the problem. Dan Weston, the appellant, attended the meeting and told the grazing committee that he used the affected permit area with three other permittees. The grazing committee's decision was set in the form of a resolution which essentially ruled that only a permittee actually holding a permit would receive compen-

sation, and that the permit held by Sagnesto, a/k/a/ Sayene Tso, was in the names of his six heirs by virtue of a probate decree of the Shiprock District Court. The resolution denied Weston's claims, and it advised him that he had thirty days in which to appeal the grazing committee's decision to the Resources Committee of the Navajo Tribal Council.

On March 29, 1989, Weston attempted an administrative appeal to the Resources Committee by letter which the committee received on April 5, 1989. The thirtieth day, next following February 21, 1989, was March 23, 1989. The appeal letter was dated 36 days after the grazing committee decision, and the Resources Committee received it 43 days after the decision.

When the Resources Committee failed to act on Weston's administrative appeal letter, he filed a petition for relief in the Shiprock District Court. That petition was filed on October 4, 1989. It was essentially a petition for judicial review of the decision of an administrative agency, and the petition claimed violations of rights of procedural due process; essentially the failure of the District 12 Grazing Committee to follow its own rules.

After the petition was filed, the Resources Committee Chairman issued a decision denying the administrative appeal because it was not timely filed.

The parties assumed, as did the district court, that a petition for judicial review was properly before the court, and the court's final determination was based upon administrative law principles. This was an error of law which requires reversal.

## II

### THE PROPER REMEDY

This appeal is governed by our prior decision in *In re Joe Customary Use Area*, 6 Nav. R. 177 (1990). There we decided whether a party may appeal a decision of the Resources Committee to the Navajo Nation courts.

Mary Ellis Joe claimed grazing land by customary use, and she requested a grazing committee hearing to decide her claim. When the grazing committee failed to act, she filed a quiet title action in the Shiprock District Court, citing the failure to act. That court returned the matter to the District 9 Grazing Committee to satisfy the administrative exhaustion requirement. The subsequent grazing committee's decision, however, did not decide the underlying problem. In turn, the court referred the case to the Resources Committee of the Navajo Tribal Council, and following a hearing, the Resources Committee denied Joe's claim. When the case returned to the district court, the court held that it had no jurisdiction to review a decision of the Resources Committee. *Id.* at 178.

On appeal, we held that Advisory Committee Resolution No. ACMA-35-84 (March 14, 1984) had removed the Resources Committee's jurisdiction to decide land disputes, thus making both the District 9 Grazing Committee's and the Resources Committee's decisions void. *Id.* at 179-180. We remanded the case to the district court with instructions to hear the case on the merits. *Id.* at 180.

This is the situation here as well. The underlying matter is in the nature of a land dispute. Thus, the District 12 Grazing Committee had no jurisdiction to decide the question of entitlement to surface damage monies by way of grazing permit title, and appeal to the Resources Committee was useless because it lacked jurisdiction over the matter.

We do not examine the jurisdiction, if any, of the Navajo Nation Land Development Office to decide who the proper recipient of surface damage monies should be. The parties have not raised that question, so we do not decide it.

The parties are left to whatever available remedies there may be to decide entitlement to monies held by an administrative agency of the Navajo Nation. While the grazing committee decision grounding entitlement in who the proper permitters were, and deciding that question on the basis of a duly-adjudged probate decree may well be correct, this is a decision which must be resolved in the district court following the filing of an appropriate action. One such action could be the filing of an interpleader by the Navajo Nation Land Development Office.

The order of the Shiprock District Court is reversed and the case is remanded to that court with instruction to dismiss the case. The court can acquire jurisdiction to decide this dispute upon the filing of an appropriate action.